IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHELE AMERSON                    :
7606 RESERVE COURT, APT. 3         :
BALTIMORE, MD 21244                :
                                   :
        v.                         : Case No.:
                                   :
CATHOLIC CHARITIES OF THE          :
ARCHDIOCESE OF WASHINGTON          :
924 G STREET, N.W.                 :
WASHINGTON, D.C.  20001            :

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and for the sole purpose of removing this matter to the United States District Court for the District of Columbia, the Defendant, Catholic Charities, states as follows:

1.    State Court Action

Plaintiff, Michele Amerson, filed this action against Defendant Catholic Charities in the Superior Court of the District of Columbia, Case No. 2008 CA000872B.  A copy of the Complaint and all other filings served upon Defendant in this matter are attached hereto.

2.    Federal Jurisdiction

Plaintiff is presently, and was at the time of the filing of the Complaint, a resident of the State of Maryland.  Defendant is a non-profit corporation organized under the laws of the District of Columbia.  The Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1332(a)(1) as this matter is a civil action where the amount in controversy exceeds $75,000 between citizens of different states.

3.    Timeliness of Notice of Removal

This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is being filed within 30 days of the service of the Complaint upon Defendant on April 30, 2008.

4.    Relief Requested

Defendant requests that the United States District Court for the District of Columbia assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

Respectfully submitted,

CARR MALONEY P.C.

*Nat Calamis*

Thomas L. McCally, #391937
Nat P. Calamis, #495680
1615 L Street, N.W., Suite 500
Washington, D.C. 20036
(202) 310-5561 (telephone)
(202) 310-5555 (facsimile)
npc@carrmaloney.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Notice of Removal was filed on May 13, 2008 to:

Alan Lescht, Esquire
1050 17th Street, N.W., Suite 220
Washington, D.C. 20036

*Nat Calamis*

Nat P. Calamis



SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED
Civil Clerk's Office

FEB 0 5 2008

Superior Court of the
District of Columbia
Washington, D.C.

Michele Amerson
7606 Reserve Court, Apt. 3
Baltimore, MD 21244

      Plaintiff,

v.

Catholic Charities of the
Archdiocese of Washington
924 G Street, NW
Washington, DC 20001

      Defendant.

Case No.

JURY TRIAL DEMANDED 08-000872

## COMPLAINT

Plaintiff, by counsel, complains of defendant as follows:

### THE PARTIES

1. Plaintiff Michele Amerson resides at 7606 Reserve Court, Apt. 3, Baltimore, Maryland 21244.

2. On information and belief, defendant Catholic Charities of the Archdiocese of Washington is a District of Columbia corporation that has its principal place of business located at 924 G Street NW, Washington, DC 20001.

### VENUE AND JURISDICTION

3. This Court has jurisdiction over the claims asserted herein because Defendant formerly employed Plaintiff here and the alleged unlawful acts took place in the District of Columbia.

4. Venue is proper in the District of Columbia because Defendant formerly employed Plaintiff in the District of Columbia and the alleged unlawful acts were committed here.

5. This lawsuit alleges that Defendant violated the public policy of the District of Columbia by terminating Plaintiff's employment because she refused to conceal allegations of child abuse from the police.

## FACTS

6. D.C. Code Ann. § 4-1321.02 states that certain individuals are required by law in the District of Columbia to report child abuse to the Metropolitan Police Department or the Child and Family Services Agency.

7. Plaintiff is a licensed elementary education teacher. By law, teachers are required to report child abuse.

8. Plaintiff began working for Defendant in August 2006 as the Lead Teacher for pre-Kindergarten.

9. On November 30, 2007, one of Plaintiff's students reported to her that a relative at home had abused him.

10. Plaintiff immediately took the child to the Assistant Director and reported the abuse in accordance with internal Archdiocesan Reporting Requirements.

11. On information and belief, the Assistant Director called the child's parents and told them to come and pick the child up but did not call the police in violation of D.C. laws and Archdiocesan Reporting Requirements.

12. On December 4, 2007, the child that had reported abuse informed Plaintiff that he had been physically disciplined at home and the abuser would no longer speak to him.

13. Plaintiff reported the child abuse to the police herself because the Assistant Director failed to do so the first time Plaintiff reported it to her.

14. On December 6, 2007, Plaintiff was called into the Director's office and was questioned about why she had reported the abuse to the police directly. Plaintiff explained to the Director that she did so because she had brought the abuse to the attention of the Assistant Director that previous Friday and the Assistant Director did not notify the police as she was required to do so and the child was subjected to further abuse.

15. Defendant then fired Plaintiff. The reason given was "failure to comply with the Agency's

Critical Incident Reporting policy." The reason given for terminating her employment was false and pretext. The true reason Defendant terminated Plaintiff's employment was retaliation against Plaintiff because she refused to remain silent and violate the child abuse reporting laws implemented at her school and mandated by the District of Columbia.

16. Plaintiff has sustained damages as a result of Defendant's unlawful conduct consisting of emotional distress, pain and suffering, lost pay, lost benefits, and mental anguish.

17. Defendant acted willfully, in a malicious manner, and in wanton disregard of Plaintiff's rights.

## COUNT 1

18. Plaintiff adopts by references the allegations contained in paragraphs 1-17 as if more fully set forth herein.

19. The public policy of the District of Columbia requires educators to report alleged child abuse to authorities. This public policy is contained in D.C. Code Ann. § 4-1321.02.

20. By and through its conduct, defendant violated the public policy of the District of Columbia by terminating Plaintiff's employment because she reported child abuse to police and refused to remain silent and violate D.C. mandatory child abuse reporting laws.

21. Plaintiff demands a trial by jury.

## JURY DEMAND

Plaintiff demands a trial by jury on liability and damages under all counts.

WHEREFORE, Plaintiff demands judgment on Count 1 in the amount of $1 million dollars, or such other amount as is determined by a jury, for compensatory damages for lost pay, lost benefits, front pay, front benefits, pain and suffering, emotional distress, lost enjoyment of life, inconvenience, mental anguish, punitive damages, interest, costs, and an amount equal to the tax that will be due on any award, and declaratory relief removing any adverse personnel records in her employment file.

3

Date: January 30, 2008

Alan Lescht and Assoc., P.C.

Alan Lescht (#441691)
Rani Rolston (#974052)
1050 17th St., N.W., Suite 220
Wash., D.C. 20036
(202) 463-6036
Attorneys for Plaintiff

4

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

Michele Amerson
7606 Reserve Court, Apt. 3     *Plaintiff*
Baltimore, MD 21244
vs.

Catholic Charities of the
Archdiocese of Washington
924 G Street, NW     *Defendant*
Washington, D.C. 20001

08-0000872

Civil Action No. _____

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Alan Lescht
_____
Name of Plaintiff's Attorney

1050 17th Street, NW, #220          By _____
_____                        *Deputy Clerk*
Address  Washington, D.C. 20036

202-463-6036                        Date _____
_____
Telephone

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MICHELE AMERSON

Vs.                                         C.A. No.        2008 CA 000872 B

CATHOLIC CHARITIES OF THE ARCHDIOCESE OF WASHINGTO

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge THOMAS J MOTLEY
Date: February 5, 2008
Initial Conference: 9:30 am, Friday, May 16, 2008
Location: Courtroom 112
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

4/30/08
11:20 AM

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

*Chief Judge Rufus G. King, III*

Caio.doc

D.C. Superior Court
08 Apr 23 A10:55
Clerk of Court

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

Michele Amerson                           *     Case No.  2008 CA 000872 B
                                          *     Next Event: 5/16/08 Initial
                                          *     Conference
                                          *
        Plaintiff,                        *     Judge Motley
                                          *
v.                                        *
                                          *
Catholic Charities of the                 *
Archdiocese of Washington                 *
                                          *
        Defendant.                        *
**********************************************************************

PLAINTIFF'S MOTION FOR AN ORDER EXTENDING HER
TIME FOR SERVICE OF PROCESS

        Plaintiff moves pursuant to SCR 4(m) for a thirty (30) day extension of time to serve

process for the reasons set forth in the accompanying Memorandum.  A proposed Order is

attached.

                                Alan Lescht & Associates, P.C.

                                By: _____
                                Alan Lescht (#441691)
                                1050 17th Street, N.W. Suite 220
                                Washington, D.C. 20036
                                (202) 463-6036
                                Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I served the foregoing by regular mail on April 23, 2008 addressed to the defendant Catholic
Charities of the Archdiocese of Washington, 924 G St., WN, Wash., DC 20001 and to
defendant's registered agent for service of process, Kevin J. Farrell, 1836 Phelps Place, Nw,
Wash., DC 20008-5409.

                        _____
                            Alan Lescht

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

Civil Division

| | | |
|---|---|---|
| Michele Amerson | * | Case No. 2008 CA 000872 B |
| | * | Next Event: 5/16/08 Initial |
| | * | Conference |
| | * | |
| Plaintiff, | * | Judge Motley |
| | * | |
| v. | * | |
| | * | |
| Catholic Charities of the | * | |
| Archdiocese of Washington | * | |
| | * | |
| Defendant. | * | |

*****************************************************************************

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE

Plaintiff respectfully requests an order extending the deadline under Rule 4(m) to serve process and in support thereof, states as follows:

On February 5, 2008, Plaintiff filed her complaint.

On March 18, 2008, Plaintiff served the complaint and summons on Defendant's registered agent by certified mail, return receipt requested.

On March 28, 2008, an insurance representative for Defendant contacted Plaintiff's counsel regarding the court complaint.

Sometime thereafter, Plaintiff realized that we had not received the return receipt green card from the Post Office.

Plaintiff's attorneys repeatedly called Defendant's insurance representative to provide an acknowledgment of service for filing but were unable to reach them.

On or about April 14, 2008, Plaintiff filed proof of service by attaching the certified mail receipt (attached) but it was rejected by the Clerk because the green card receipt was not attached

to it.

Based on the foregoing, Plaintiff respectfully requests that her time to serve process be extended by thirty days.

Respectfully submitted,

Alan Lescht & Associates, P.C.

By: _____
Alan Lescht (#441691)
1050 17th Street, N.W. Suite 220
Washington, D.C. 20036
(202) 463-6036
Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I served the foregoing by regular mail on April 23, 2008 addressed to the defendant Catholic Charities of the Archdiocese of Washington, 924 G St., WN, Wash., DC 20001 and to defendant's registered agent for service of process, Kevin J. Farrell, 1836 Phelps Place, Nw, Wash., DC 20008-5409.

_____
Alan Lescht

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

Civil Division

Michele Amerson                          *       Case No.  2008 CA 000872 B
                                         *       Next Event: 5/16/08 Initial
                                         *       Conference
                                         *
            Plaintiff,                   *       Judge Motley
                                         *
v.                                       *
                                         *
Catholic Charities of the                *
Archdiocese of Washington                *
                                         *
            Defendant.                   *
*********************************************************************

ORDER GRANTING PLAINTIFF'S
MOTION TO EXTEND TIME FOR SERVICE

        In consideration of Plaintiff's motion to extend time for service, it is hereby ORDERED

that the motion is GRANTED and that Plaintiff shall have thirty days from the date of this Order

to serve process in this case..

ORDERED:

April_____, 2008

                                                _____
                                                Honorable Thomas J. Motley

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MICHELE AMERSON                          *        CASE NO.  2008 CA 000872 B
                                         *
        PLAINTIFF,                       *        JUDGE MOTLEY
V.                                       *        NEXT EVENT: 5/16/08
                                         *        INITIAL CONFERENCE
CATHOLIC CHARITIES OF THE                *
ARCHDIOCESE OF WASHINGTON                *
                                         *
        DEFENDANT.                       *
*********************************************

## AFFIDAVIT OF SERVICE

I, Ellen Lescht, declare under penalty of perjury that the following information is true and

correct:

1.  I am over the age of 18 and am not a party to the above entitled action.

2.  I served the summons, initial order, and complaint upon the defendant, by certified mail,
    return receipt requested, restricted delivery, addressed to defendant's resident agent for
    service, Kevin J. Farrell, on March 18, 2008. The receipt is stapled below.

                                    _Ellen Lescht_ (signature)
                                    Ellen Lescht

Sworn to before this 14th day of April, 2008.

_Nicole S. Brown_ (signature)
Notary public

**NICOLE S. BROWN**
**NOTARY PUBLIC DISTRICT OF COLUMBIA**
**My Commission Expires July 31, 2011**

| U.S. Postal Service | | |
|---|---|---|
| **CERTIFIED MAIL RECEIPT** | | |
| (Domestic Mail Only; No Insurance Coverage Provided) | | |
| For delivery information visit our website at www.usps.com | | |
| WASHINGTON DC 20008 | | |
| Postage | $0.75 | 0817 |
| Certified Fee | $2.65 | 17 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $5.55 | 03/18/2008 |

7007 0220 0003 4106 9708

Sent To
Kevin J. Farrell
Street, Apt. No.; or PO Box No. 1836 Phelps Plce, N.w.
City, State, ZIP+4 Washington D.C. 20008-5403

D.C. Superior Court
08 Apr 28 A09:11
Clerk of Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### Civil Division

| | | |
|---|---|---|
| MICHELLE AMERSON | ) | |
| | ) | Civil Action No. 2008 CA 00872 B |
| Plaintiff, | ) | |
| | ) | Judge Thomas J. Motley |
| v. | ) | |
| | ) | Calendar 10 |
| CATHOLIC CHARITIES OF THE | ) | |
| ARCHDIOCESE OF WASHINGTON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### <u>ORDER GRANTING EXTENSION OF TIME FOR SERVICE</u>

Upon consideration of Plaintiff's Motion to Extend Time for Service, it is this 25th day of

April 2008, hereby

ORDERED that Plaintiff shall have to and including May 14, 2008, within which to

effectuate service of process in this case.


*Thomas J. Motley*

_____

THOMAS J. MOTLEY
Associate Judge


Alan Lescht, Esq.

Catholic Charities
  of the Archdiocese of Washington
c/o of Kevin J. Farrell, Registered Agent
1836 Phelps Place, N.W.
Washington, D.C. 20008

eFiling for Courts - Electronic Service of Copies

Proof of Service

Jurisdiction: Civil Actions
Cause Number: 2008 CA 000872 B
Trace Number:
Court Assignment: D.C. Superior Court
Style/Case Name: Michele Amerson v. Catholic Charities of the Archdiocese of Washi
Date and Time of Service:
Serving Party Name: Thomas Motley
Documents:

| Parties of Record | Delivery Type |
| --- | --- |
| Thomas Motley | Electronic |
| alan lescht | Electronic |

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MICHELE AMERSON | : |
| 7606 RESERVE COURT, APT. 3 | : |
| BALTIMORE, MD 21244 | : |
| | : |
| v. | : C.A. No.:  2008 CA 000872 B |
| | : |
| CATHOLIC CHARITIES OF THE | : |
| ARCHDIOCESE OF WASHINGTON | : |
| 924 G STREET, N.W. | : |
| WASHINGTON, D.C.  20001 | : |

**NOTICE OF REMOVAL TO FEDERAL COURT**

Dear Clerk:

Please take notice PURSUANT TO 28 U.S.C. §1446 that a Notice of Removal to the United States District Court for the District of Columbia has been filed.  Attached hereto are copies of the respective pleadings.  Furthermore, pursuant to 28 U.S.C. § 1446(d), this Court shall proceed no further in this matter unless the case is remanded from Federal Court.

Respectfully submitted,

CARR MALONEY P.C.

*Nat Calamis*
_____
Thomas L. McCally, #391937
Nat P. Calamis, #495680
1615 L Street, N.W., Suite 500
Washington, D.C.  20036
(202) 310-5561 (telephone)
(202) 310-5555 (facsimile)
npc@carrmaloney.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Notice of Removal was filed
on May 13, 2008 to:

Alan Lescht, Esquire
1050 17th Street, N.W., Suite 220
Washington, D.C.  20036

*Nat Calamis*

_____
Nat P. Calamis

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Michelle Amerson | Catholic Charities of the Archdiocese of Washington |

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Baltimore**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Alan Lescht, Esquire; Alan Lescht & Assoc.; 1050 17th Street, NW, Suite 220, Washington, DC 20036; (202) 463-6036

ATTORNEYS (IF KNOWN)

Case: 1:08-cv-00834
Assigned To : Friedman, Paul L.
Assign. Date : 5/13/2008
Description: Employ. Discrim.

## II. BASIS OF JURISDICTION
(PLACE an x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ◉ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ⊗ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ◉ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

- ☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| O   G. *Habeas Corpus/* *2255* | O   H. *Employment* *Discrimination* | O   I. *FOLA/PRIVACY ACT* | O   J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment <br> (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O   K. *Labor/ERISA* *(non-employment)* | O   L. *Other Civil Rights* *(non-employment)* | O   M. *Contract* | O   N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

O 1 Original Proceeding   ◉ 2 Removed from State Court   O 3 Remanded from Appellate Court   O 4 Reinstated or Reopened   O 5 Transferred from another district (specify)   O 6 Multi district Litigation   O 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC Section 1332 (a)(1). Wrongful termination claim brought by former employee of defendant

| VII. REQUESTED IN COMPLAINT | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ 1,000,000 <br> JURY DEMAND: | Check YES only if demanded in complaint <br> YES ☒   NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  5/13/08   SIGNATURE OF ATTORNEY OF RECORD  *Nat Calamis*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT   (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT:   The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*MICHELE AHENSON*
Plaintiff

        v.                          Civil Action No.  **08 0834**

                                               **MAY 13 2008**

*CATHOLIC CHARITIES OF THE*
Defendant *ARCHDIOCESE OF WASHINGTON*

    The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **FRIEDMAN, J. PLF** All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

    Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

    Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

                               NANCY MAYER-WHITTINGTON, CLERK

                               By _____
                                   Deputy Clerk

cc: *ALAN LESCHT*

                                        929A
                                        Rev. 7/02